# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 17, 2008 Session

## ALLIED BUSINESS BROKERS, INC. v. ABED AMRO, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-05-1590-2     Arnold B. Goldin, Chancellor

### No. W2008-00320-COA-R3-CV - Filed September 30, 2008

### Tenn. R. App. P. 3 Appeal as of Right; Appeal from Judgment of the Chancery Court Dismissed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Aaron L. Thomas, Memphis, Tennessee, for the appellants, Abed Amro and Nida Amro.

J. D. Barton, Millington, Tennessee, for the appellee, Allied Business Brokers, Inc.

### MEMORANDUM OPINION[1]

This is the second appearance of the dispute between these parties in this Court. This lawsuit has its genesis in a 1995 general sessions court action wherein Plaintiff/Appellee Allied Business Brokers, Inc. ("Allied') sought damages for breach of contract. The facts and procedural history of the breach of contract action are recited in *Allied Business Brokers, Inc. v. Abraham Musa, et al.*, No. W1999-00378-COA-R3-CV, 2000 WL 33191373 (Tenn. Ct. App. Nov. 22, 2000) (perm. app. denied May 14, 2001), and we find it unnecessary to repeat them here. In *Allied Business*, we held Defendant Abed Amro (Mr. Amro) was bound by the terms of a brokerage contract that he had signed on behalf of his friend, Defendant Abraham Musa. We remanded the matter to the trial court for entry of a judgment in favor of Allied. *Id.* at *4. In the meantime, in 1997 Mr. Amro conveyed certain real property to his wife, Nida Amro (Ms. Amro).

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In August 2005, Allied filed a complaint styled "Complaint to set aside fraudulent conveyance and to impose a constructive trust" against Mr. Amro and Ms. Amro ("the Amros") in the Chancery Court for Shelby County. In its complaint, Allied alleged that it was a judgment creditor and that the 1997 conveyance was fraudulent. Allied prayed that the conveyance be set aside and for the imposition of a constructive trust and/or equitable lien in the amount of $17,346.00, plus interest in the amount of $10,407.60. The Amros moved to dismiss the complaint as barred by the statute of limitations under Tennessee Code Annotated § 66-3-310. In October 2007, the trial court entered judgment in favor of Allied setting aside the conveyance as fraudulent. Following denial of the Amros' motions to reconsider, the trial court entered its last judgment in the matter in January 2008.[2] This appeal ensued.

The Amros present five issues on appeal. Concisely stated, the issue presented, as we perceive it, is whether the trial court erred by determining Allied's action was not barred by the statute of limitations provided at Tennessee Code Annotated § 66-3-310. Before turning to this issue, however, under Rule 13(b) of the Tennessee Rules of Appellate Procedure we must first determine whether this Court has subject matter jurisdiction to adjudicate this appeal.

Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b)*; Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998). The Tennessee Supreme Court has held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

In an action involving multiple parties or multiple claims, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. Accordingly, the subject matter jurisdiction of this Court is limited to final orders, except as otherwise provided. *Bayberry Assocs.*, 783 S.W.2d at 559.

---

[2] We note the trial court's statement that its "judgment in this case is in deference to the shortness of life, and as such, the court will not accept any more pleadings in this matter beyond the notice of appeal." We are not unsympathetic.

Upon review of the record, we find that the trial court did not adjudicate Allied's claim for a constructive trust and/or equitable lien.  Therefore, the trial court's judgment is not final, and we are without jurisdiction to adjudicate the issue raised on appeal.

This matter is dismissed and remanded to the trial court.  Costs of this appeal are taxed to the Appellants, Abed Amro and Nida Amro, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE